UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY LLOYD,<br><br>        *Plaintiff,*<br><br>vs.<br><br>COVANTA PLYMOUTH RENEWABLE ENERGY, LLC,<br><br>        *Defendant.* | No. 2:20-cv-4330-HB<br><br>[Electronically filed]<br><br>JUDGE HARVEY BARTLE III<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO ALLOW *EX PARTE* INTERVIEWS OF PUTATIVE CLASS MEMBERS**

**FLORIO PERRUCCI STEINHARDT CAPPELLI TIPTON & TAYLOR LLC**
Robert M. Donchez ID No: 209505
Robert Freedberg, ID No: 7855
60 West Broad Street, Suite 201
Bethlehem, PA 18018
(610) 691-7900
rdonchez@floriolaw.com
rfreedberg@floriolaw.com

**BEVERIDGE & DIAMOND, P.C.**
Michael G. Murphy (admitted *pro hac vice*)
477 Madison Avenue, 15th Floor
New York, New York 10022
(212) 702-5400
mmurphy@bdlaw.com

James B. Slaughter (admitted *pro hac vice*)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000
jslaughter@bdlaw.com

Collin Gannon (admitted *pro hac vice*)
201 North Charles Street, Ste 2210
Baltimore, MD 21201-4150
(410) 230-1300
cgannon@bdlaw.com

*Attorneys for Defendant Covanta Plymouth Renewable Energy, LLC*

March 29, 2021

The vital right of Defendant Covanta Plymouth Renewable Energy, LLC ("Covanta Plymouth") to defend itself by gathering information through informal interviews of local residents cannot seriously be in dispute. Plaintiff Holly Lloyd's Opposition (ECF No. 29) overlooks the controlling federal law, and instead mistakenly claims that putative class members are represented parties protected from contacts by Rule 4.2 of the Pennsylvania Rules of Professional Conduct. As courts nationwide have recognized, a federal class action defendant has broad rights to contact putative federal class members because they are not "represented" parties as a matter of federal procedural law. Limits on interviews may be imposed only where there is a "likelihood of serious abuses" based on a "clear record and specific findings."

Plaintiff misconstrues this district's case law on the right to conduct witness interviews and clings to the erroneous notion that Pennsylvania law on represented parties somehow governs this putative federal Rule 23 class. As a fall back, Ms. Lloyd asks for presumptive restraints on defense interviews with no showing of any record or risk of abuse, and demands that the Court order in advance the disclosure of any work product resulting from the interviews, in plain contravention of the attorney work product doctrine. All of her arguments lack merit and the Court should confirm Covanta Plymouth's right to conduct *ex parte* factual interviews with putative federal class members, consistent with federal Rule 23 and the federal work product doctrine, without prior restraint

**I.     Federal Rule of Civil Procedure 23 indisputably controls this class action.**

Plaintiff ignores, much less addresses, the axiom that a Rule 23 class action lawsuit filed in federal court is governed by federal procedural law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Federal law interpreting Rule 23 thus guides the Court's analysis of Covanta Plymouth's motion, a proposition that Plaintiff's opposition has entirely failed to address, let

2

alone refute. And this oversight is fatal; the United States Supreme Court has repeatedly stated that a putative class member is not considered a "represented" party while a Rule 23 motion for class certification is pending. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("'a nonnamed class member is [not] a party to the class-action litigation *before the class is certified*'" (italics in original) (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011))). The Third Circuit recognized this principle decades ago in *In re Sch. Asbestos Litig.*, 842 F.2d 671, 679-83 (3d Cir.1988) (Higginbotham, J.), which explained that narrowly tailored prior restraints on such communications are warranted only where there is evidence of abuse. *See also In re Cmty. Bank of Northern VA*, 418 F.3d 277, 313 (3d Cir. 2005) (Sloviter, J.) ("[C]lass counsel do not possess a traditional attorney-client relationship with absent class members.").

      Plaintiff's state authority deeming a putative state class member a "represented" party under Pennsylvania's state class action jurisprudence is thus contrary to the governing federal law and unenforceable in this litigation under *Erie*. *See Shady Grove Ortho. Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-99 (2010) (state law, which limited the scope of class actions in contravention of federal Rule 23, was not a federal procedural rule and thus could not be enforced by a federal court under *Erie*); *see also In re Tylenol (Acetaminophen) Mktg., Sales Practices & Products Liab. Litig.*, 2015 WL 7075812, at *10 (E.D. Pa. Nov. 13, 2015) (Stengel, J.) ("[i]n *Shady Grove*, the Supreme Court reaffirmed [that] a Federal Rule of Civil Procedure covering a dispute governs, notwithstanding a contrary state law" (internal citations omitted)). Accordingly, putative class members in federal court are not "represented" by the named plaintiff's attorney. Specific ethical restraints on contact with represented parties, like Rule 4.2 of the Pennsylvania Rules of Professional Conduct, thus do not apply to putative federal class members until a class is certified. Contrary to Plaintiff's assertions, *see* Opposition at 2, n.2,

3

Covanta Plymouth has not contested the application of Rule 4.2 of the Pennsylvania Rules of Professional Conduct – or, by extension, the Eastern District's Local Rule 3.6 adopting that rule – as it concerns "represented" parties. Because putative federal class members are not "represented," the rule is simply not triggered.

And this result supports the needs of our adversarial system. Communications with putative class members are considered "vital" as "[b]oth plaintiffs' counsel and defense counsel have legitimate need to reach out to potential class members regarding the facts that are the subject of the potential class action, including information that may be relevant to whether or not a class should be certified." ABA Formal Op. 07-445 (Apr. 11, 2007); *see also Austen v. Catterton Partners V, LP*, 831 F. Supp. 2d 559, 567 (D. Conn. 2011) ("Both parties need to be able to communicate with putative class members – if only to engage in discovery regarding issues relevant to class certification – from the earliest stages of class litigation."); *Mendez v. Enecon Ne. Applied Polymer Sys., Inc.*, 2015 WL 4249219, at *2 (E.D.N.Y. July 13, 2015) (same; declining to impose restrictions on letter to putative collection action members "aimed at obtaining information which may be relevant to Plaintiff's claims and discovery in this action").[1]

Federal law likewise dictates the high bar for imposing any restraints on informal contact with putative federal class members. In *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981), the Supreme Court held that district courts cannot restrict the parties or their counsel in a federal class action from communicating with putative class members unless that speech restriction "is

---

[1] Plaintiff asserts that Covanta Plymouth should subpoena and depose putative class members, instead of conducting informal factual interviews. This onerous requirement would be highly irregular; in addition, formal discovery would substantially burden Defendant and putative class members. *Johnston v. Hertz Local Edition Corp.*, 331 F.R.D. 140, 141-42 (E.D. Cal. 2019) (defendant could not depose three putative class members because it could obtain information through less burdensome means, including interviewing putative class members it employed).

justified by a likelihood of serious abuses" and based on a "clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." 452 U.S. at 101, 104. And while district courts have "both the duty and the broad authority to exercise control over a class action," the Supreme Court further cautioned that in this particular context their "discretion is not unlimited" and must be balanced with "the rights of the parties," including their First Amendment rights to communicate with putative class members without serious restraints. *Id.* at 101-02.

Plaintiff simply glosses over this black letter federal class action law that permits unfettered contact of putative federal class members. Only upon a record showing of evidence that abusive contact has already occurred may a court impose restrictions. The law is clear and settled and Plaintiff offers no serious rebuttal.

**II.     Plaintiff mischaracterizes the Court's *Dondore* decision and its progeny.**

Plaintiff principally relies on four inapposite cases to argue that defense counsel may never contact putative class members in a federal class action. Yet as Covanta Plymouth's motion explains, the majority of reported decisions by Pennsylvania district courts have declined to apply state procedural law to limit putative class member contact in federal collective and class actions. Plaintiff first points to *Dondore*, which was not a federal class action, meaning there were no putative <u>federal</u> class members to even contact. Pending in *Dondore* were two individual tort actions. *See Dondore v. NGK Metals Corp.*, 152 F. Supp. 2d 662, 662-64 (E.D. Pa. 2001) (Bartle, J.). At issue was a separate <u>state</u> class action lawsuit featuring the same defendant. Defense counsel there sought to avoid state procedural restrictions on contacting putative state class members (who, as this Court recognized, were "represented" as a matter of

5

state law).² This Court eventually authorized tailored contacts out of deference to Pennsylvania's state rules that governed the state class action. *See Dondore v. NGK Metals Corp.*, 2001 WL 516635, at *2 (E.D. Pa. May 16, 2001). *Dondore* did not involve a federal Rule 23 class action, and thus does not guide the analysis here.

Plaintiff similarly points to the Court's 1995 decision in *Carter-Herman* for the simple – and incontrovertible – proposition that counsel may not contact a represented party. *See Carter-Herman* v. City of Philadelphia, 897 F. Supp. 899, 901 (E.D. Pa. 1995) (Bartle, J.). As was the case in *Dondore*, *Carter-Herman* was not a class action governed by federal Rule 23. At issue was a request by plaintiffs' counsel in an employment discrimination lawsuit to informally interview certain non-party employees of the defendant, City of Philadelphia. This Court granted the request to conduct informal, *ex parte* interviews, and concluded that not "every city employee is automatically a represented party simply by virtue of his or her employment without any initiative on the part of the employee to obtain legal help from the City." While the Court imposed some restrictions (for example, requiring plaintiffs' counsel to begin the interview by telling the non-party employee who they worked for), Plaintiff's characterization of *Carter-Herman*'s holding is inaccurate. This Court did not, as Plaintiff states, impose restrictions regarding "*ex parte* interview[s] with putative class members," *see* Opposition at 7 (emphasis added). *Carter-Herman* was not a class action; there were no putative class members.

Plaintiff next relies on *Garcia v. Vertical Screen, Inc.*, 387 F. Supp. 3d 598, 601 (E.D. Pa. July 22, 2019) (DuBois, J.), which primarily involved a Federal Labor Standards Act ("FLSA") collective action at the "conditional certification" stage. *Garcia* states only that at the unique

---

² As Covanta Plymouth set forth in its motion, *see* ECF No. 27, Pennsylvania law represents a distinct minority view – contrary to federal law – in holding that putative state class members are represented parties.

FLSA procedural moment, where the class opt-in notice was displayed in an employee breakroom, there could be limits on the Defendant-employer's contact with the potential opt-in plaintiffs. *See Garcia*, 387 F. Supp. 3d at 611.  And although *Garcia* is factually distinguishable based on the employer-employee power dynamics animating that dispute, *Garcia* is also less persuasive because it relied solely upon an overruled magistrate judge's opinion that misapplied *Dondore*.  *See Weller v. Dollar General*, 2019 WL 1045960 at *1 (E.D. Pa. Mar. 4, 2019) (Rice, M.J.), *overruled by* 5:17-cv-02292-JLS, August 5, 2019 Order (ECF No. 76) (E.D. Pa. Aug. 5, 2019) (Schmehl, J.) (the "*Weller* Order").[3]  Plaintiff fails to note *Garcia* was issued a few weeks before the *Weller* Order, and in any event it lacks any precedential or persuasive import here.

Last, Plaintiff cites to *Gates v. Rohm and Haas Co.*, 2006 WL 3420591 at *7, n.2 (E.D. Pa. Nov. 22. 2006) (Pratter, J.).  Although the issue was not actually before it, in a footnote the *Gates* court categorically barred interviewing putative class members in a federal class action by citing *Dondore* and a Pennsylvania Supreme Court opinion, both of which addressed state class actions governed by Pennsylvania procedural law.  To the extent *Gates* relied on *Dondore* to prohibit a defendant's contact with putative federal class members, it misconstrued *Dondore,* which reached no such conclusion.

Ms. Lloyd also mischaracterizes Covanta Plymouth's authority.  First, despite relying on the *Garcia* decision involving a FLSA collective action, Plaintiff downplays the contrary holding in *Arroyo v. Aspen Construction Services* denying "Plaintiff's request for limitation of communication between Defendants and putative plaintiffs" at the opt-in stage of a FLSA collective action.  *See Arroyo v. Aspen Constr. Servs.*, 2020 WL 4382009 (E.D. Pa. July 31,

---

[3] The Weller Order is attached as Ex. A to Covanta Plymouth's motion, *see* ECF No. 27-2.

7

2020) (Slomsky, J.). Courts do distinguish between federal collective and class actions on this issue; before the individuals become parties or class members, they may be contacted. *See Bobryk v. Durand Glass*, 2013 WL 5574504, at *3-4 (D.N.J. Oct. 9, 2013) (denying plaintiff's motion to stop defense lawyers from interviewing and obtaining declarations from potential FLSA plaintiffs and Rule 23 class members). Indeed, as Plaintiff underscores, for the purposes of a collective action there are no "class members" until they formally "opt-in." Covanta Plymouth agrees; they are <u>putative</u> federal class members until they affirmatively opt-in to the certified class, and until then they are not "represented." This is black letter federal law.

Plaintiff also fails to distinguish *Gauzza v. Prospect Medical Holdings*, where the employer defendant in a federal class action contacted putative class member employees to sign arbitration agreements as a condition of their employment. *See Gauzza v. Prospect Med. Holdings, Inc.*, 2018 WL 4853294 (E.D. Pa. Oct. 4, 2018) (Beetlestone, J.). The *Gauzza* contacts directly implicated the employees' legal rights. Despite the significant nature of the contact, even there the *Gauzza* court decided not to generally restrict any contact.

Finally, Plaintiff incorrectly suggests that two of the cases Covanta Plymouth relies upon support her arguments. *See Walney v. SWEPI*, 2017 WL 319801 (W.D. Pa. Jan. 23, 2017); *Faloney v. Wachovia Bank, N.A.*, 2008 WL 11366235 (E.D. Pa. July 28, 2008) (Rice, M.J.). Both cases correctly apply the federal *Gulf Oil* standard to assess whether any restraint on putative class contact might be appropriate given the facts and circumstances in those cases. Importantly, the *Walney* court imposed no restrictions, and in doing so stated that "there is little authority for limiting contact [with] absent class members." 2017 WL 319801, at *13. The *Faloney* court, after observing that Plaintiff "must establish good cause to bar Wachovia from communicating with putative class members," applied the *Gulf Oil* standard to bar contacts,

8

based on a complex record that included parallel government civil and criminal investigations of telemarketing fraud and a lack of showing of prejudice by the defendants, who had already filed their opposition to class certification.

In sum, federal jurisprudence conclusively endorses the right of lawyers and their agents to contact federal putative class members without prior restraint. Such persons are not represented parties, and the mere fact that a defendant has been sued in a class action does not warrant prior restraint in and of itself.

### III.     Plaintiff concedes *Gulf Oil* governs this federal class action.

Perhaps unconvinced of her own argument that putative federal class members constitute represented parties, Ms. Lloyd pivots and throughout her opposition suggests that the Court apply the *Gulf Oil* standard to curtail the investigatory contacts in this case.  As previously discussed, under *Gulf Oil* the Court's duty is only to safeguard class members from abusive, unauthorized and misleading communications from parties and their counsel.  *See Gulf Oil*, 452 U.S. at 101-04 (requiring a clear record and specific findings of documented abuses).  Here, there are no "unauthorized" or "misleading" contacts, and Plaintiff does not argue otherwise.

As a threshold matter, Covanta Plymouth is seeking the Court's approval in advance for conducting interviews because of the arguably conflicting decisions in the Eastern District concerning communications with putative class action members.  Covanta Plymouth has not commenced any canvassing, so there is no basis to allege – let alone develop a clear record or make specific findings – that the proposed activity could be "misleading" or "abusive."  Nor has Plaintiff proffered any grounds upon which this Court could make such findings.  Stating that any contact with putative class members is always abusive is incorrect and not the law.  The *Gulf*

*Oil* standard confirms that contact with putative class members is not inherently abusive. *Gulf Oil* restrictions are unwarranted here and interviews should be allowed to commence forthwith.

### IV.     Defense counsel's interview notes are protected work product.

While there can be no restrictions at this stage on interviews of putative class members, Ms. Lloyd further overreaches in asking that Covanta Plymouth be ordered to produce any notes generated in interviews. No law supports such a blanket forfeiture of the work product doctrine, and Plaintiff offers none.

As Covanta Plymouth explained, its strategy for selection of interview candidates and resulting witness interview notes prepared by investigators at the direction of Covanta Plymouth's counsel are fundamental work product shielded from discovery unless exceptional circumstances are shown. Black letter work product doctrine allows lawyers to communicate with witnesses privately, and to shield its notes of those communications from opposing counsel. *See, e.g., R.D. v. Shohola Camp Ground & Resort*, 2018 WL 2364749, at *2 (M.D. Pa. May 24, 2018) ("As a general rule, private investigator interviews conducted on behalf of counsel in preparation of litigation are encompassed by the work product privilege."); *see also* C*oregis Ins. Co. v. Law Offices of Carole F. Kafrissen, P.C.*, 57 F. App'x 58, 60 (3d Cir. 2003) (documents prepared by claims representative and attorney covered by work product doctrine); *Borgia v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 4375643, at *2 (E.D. Pa. Sept. 3, 2014) (documents prepared in anticipation of litigation protected from disclosure by work product doctrine).[4]

---

[4] *University Patents*, cited by Plaintiff, offers no support for her position. There, the defendant was ordered "to produce any statements or exhibits obtained through such ex parte contacts within ten (10) days" because defense counsel contacted represented parties in a case that was not a class action. *See Univ. Pats., Inc. v. Kligman*, 737 F. Supp. 325, 330 (E.D. Pa. 1990). Plaintiff here omitted those central facts from her briefing.

Plaintiff has offered no rationale to breach to the protections afforded by the work product doctrine here. Plaintiff is free to conduct her own informal canvassing of the community without bootstrapping on the defensive litigation strategy and investigative efforts undertaken on Covanta Plymouth's behalf.

### V.     Conclusion

Federal Rule 23 governs here, not Pennsylvania law, and as a matter of federal law proposed class members are not "represented" parties and therefore may be interviewed. Plaintiff ignores this controlling authority and proffers no evidence that would otherwise support contact restrictions. Covanta Plymouth requests the Court publish an opinion and order confirming its right to contact putative class members to obtain evidence to defend this case.

Dated:  March 29, 2021                              Respectfully submitted:

BY:    /s/ *Robert M. Donchez*                      BY:    /s/ *Collin Gannon*

| | |
|---|---|
| **FLORIO PERRUCCI STEINHARDT CAPPELLI TIPTON & TAYLOR LLC**<br>Robert M. Donchez ID No: 209505<br>Robert Freedberg, ID No: 7855<br>60 West Broad Street, Suite 201<br>Bethlehem, PA 18018<br>(610) 691-7900<br>rdonchez@floriolaw.com<br>rfreedberg@floriolaw.com | **BEVERIDGE & DIAMOND, P.C.**<br>Michael G. Murphy (admitted *pro hac vice*)<br>477 Madison Avenue, 15th Floor<br>New York, New York 10022<br>(212) 702-5400<br>mmurphy@bdlaw.com<br><br>James B. Slaughter (admitted *pro hac vice*)<br>1350 I Street, N.W., Suite 700<br>Washington, DC 20005<br>(202) 789-6000<br>jslaughter@bdlaw.com<br><br>Collin Gannon (admitted *pro hac vice*)<br>201 North Charles Street, Ste 2210<br>Baltimore, MD 21201-4150<br>(410) 230-1300<br>cgannon@bdlaw.com |

*Attorneys for Defendant Covanta Plymouth Renewable Energy, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2021 a true and correct copy of Defendant Covanta Plymouth Renewable Energy, LLC's Reply in Support of the Motion to Allow *Ex* Parte Interviews of Putative Class Members was electronically filed via the Court's CM/ECF system, which will provide electronic notifications of such filing to all counsel of record.

Dated: March 29, 2021                              Respectfully submitted,


                                              BY:      /s/ *Collin Gannon*


                                              **BEVERIDGE & DIAMOND, P.C.**

                                              Collin Gannon (admitted *pro hac vice*)
                                              201 North Charles Street, Ste 2210
                                              Baltimore, MD 21201-4150
                                              (410) 230-1300
                                              cgannon@bdlaw.com

                                              *Attorney for Defendant Covanta Plymouth*
                                                   *Renewable Energy, LLC*