IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLLY LLOYD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COVANTA PLYMOUTH RENEWABLE | : | NO. 20-4330 |
| ENERGY, LLC | : | |

MEMORANDUM

Bartle, J.                                                      April 1, 2021

Plaintiff Holly Lloyd brings this putative class action against defendant Covanta Plymouth Renewable Energy, LLC ("Covanta") under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  Covanta operates a waste-to-energy processing facility near plaintiffs' home in Conshohocken, Pennsylvania. Plaintiff alleges the facility emits noxious odors so as to interfere with the use and enjoyment of her property and the property of other nearby residents.  She brings claims under state law for private nuisance and public nuisance and seeks injunctive relief and damages.  Class action discovery is proceeding.  No decision on class certification has been made.

Before the Court is the Motion of Covanta to Allow Ex Parte Interviews of Putative Class Members, that is, all owners, occupants, and renters of residential property located within a 1.5-mile radius of the facility.  Plaintiff opposes on the ground that ex parte communication between defense counsel and

putative class members violates Rule 4.2 of the Rules of
Professional Conduct promulgated by the Supreme Court of
Pennsylvania.

Rule 4.2 ("Communication with Person Represented by
Counsel"), which has been adopted by this court, provides:

> In representing a client, a lawyer shall not
> communicate about the subject of the
> representation with a person the lawyer
> knows to be represented by another lawyer in
> the matter, unless the lawyer has the
> consent of the other lawyer or is authorized
> to do so by law or a court order.

Pa. R. Prof. Conduct 4.2 (emphasis added); see also E.D. Pa.
Civ. P. 83.6 IV B.

Under Pennsylvania law, putative class members are
considered represented parties until the court declines to
certify the class.  Alessandro v. State Farm Mut. Auto. Ins.
Co., 409 A.2d 347, 350 n. 9 (Pa. 1979); see also Bell v.
Beneficial Consumer Disc. Co., 348 A.2d 734, 736 (Pa. 1975);
Braun v. Wal-Mart Stores, Inc., 60 Pa. D. & C.4th 13, 19 (Pa.
Com. Pl. 2003); Walney v. Swepi LP, Civil Action No. 13-0102,
2017 WL 319801, at *12 (W.D. Pa. Jan. 23, 2017).  It follows
that under Rule 4.2 defense counsel may not communicate with
putative class members in a state class action without the
consent of plaintiffs' lawyer or other authorization.  Braun, 60
Pa. D. & C. 4th 13, 19.  Defense counsel may only communicate
with them through traditional discovery mechanisms or with the

-2-

consent of counsel for the named representative plaintiff.  Id.; see also Dondore v. NGK Metals Corp., 152 F. Supp. 2d 662, 666 (E.D. Pa. 2001).

This lawsuit was initiated in this Court, not in the state court.  Under federal law, in contrast to Pennsylvania law, "[a] nonnamed class member is not a party to the class action *before the class is certified*."  Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 593 (2013) (quoting Devlin v. Scardelletti, 536 U.S. 1, 16 n. 1 (2002) (Scalia, J., dissenting) (emphasis original)).  More specifically, counsel for a named representative plaintiff "does not speak for those he purports to represent" and "cannot legally bind members of the proposed class before the class is certified."  Id. Additionally, our Court of Appeals has noted that while counsel for the named representative plaintiff owes some generalized fiduciary duty to putative class members, counsel does not possess a "traditional attorney-client relationship" with them. See In re Cmty. Bank of N. Virginia, 418 F.3d 277, 313 (3d Cir. 2005).  Consequently, the blanket prohibition under Pennsylvania law on contacts with "represented" parties has no bearing on federal putative class members.[1]

---

1.        This Court's reasoning in Dondore does not support plaintiff's position that Rule 4.2 prohibits defendants in a federal class action from interviewing putative class members ex parte.  Our decision not to allow the defendants to interview

Instead, this Court looks to Rule 23 of the Federal Rules of Civil Procedure which governs class actions and to the relevant pronouncements of the Supreme Court and our Court of Appeals.  Rule 23(d)(1) provides in relevant part that the Court may issue orders which "(C) impose conditions on the representative parties or on intervenors"; and "(E) deal with similar procedural matters."  Gulf Oil Co. v. Bernard, 452 U.S. 89, 99 (1981).  This rule, which is procedural in nature, supersedes any contrary state law rule.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 92 (1938).

District courts have the authority to "safeguard class members from unauthorized and misleading communications from the parties or their counsel."  In re Cmty. Bank of N. Virginia, 418 F.3d at 310; see Fed. R. Civ. P. 23(d).  Rule 23(d) broadly authorizes the federal courts to control the conduct of the parties to protect against the "opportunities for abuse as well as problems for courts and counsel" presented by class action litigation.  Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981).  This authority includes the ability to restrict communication with putative class members.  See id. at 101.

---

the plaintiffs in Dondore was based on their status as putative class members in a class action brought against the same defendants in state court.  See Dondore, 152 F. Supp. 2d at 663.

Plaintiff's counsel and the putative class members, as noted above, do not have a "traditional attorney-client relationship."  Putative class members are not represented parties.  See In re Cmty. Bank of N. Virginia, 418 F.3d at 313. They are not even parties at all.  Standard Fire Ins. Co., 568 U.S. at 593.  Nonetheless, putative class members have what may be termed as an inchoate or contingent interest in the lawsuit before the court rules on the issue of class certification.  The Supreme Court has characterized putative class members as "mere passive beneficiaries of the action brought in their behalf." Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 552 (1974).  In accordance with this special status, the Supreme Court has held that the statute of limitations is tolled as to them under certain circumstances.  See id. at 558-59.  The status of putative class members is clearly different from represented parties with whom opposing counsel may not speak.  Their status is also different from pro se parties and ordinary unrepresented fact witnesses who may be spoken to without permission of the court or anyone else.

The filing of a class action should not automatically bar putative class members from interviews.  They are not parties to the lawsuit, may not wish to be a part of any class, and may engage their own attorneys as provided in Rule 23 (c)(2)(B)(iv).  Moreover, a class may never be certified.  On

-5-

the other hand, there is always the potential for abuse to allow an adverse party unfettered communication with persons who have an inchoate interest in and are passive beneficiaries of a lawsuit and at the time of any interview may not even know that the lawsuit exists.

There is a need for balance and safeguards in the situation at hand.  In fairness, putative class members should go into any interview voluntarily and with their eyes open. While the Court will permit the defendant to interview putative class members, the interviewer must advise the interviewee that:

(1)  the interviewer represents Covanta Plymouth Renewable Energy, LLC, the owner of the waste-to-energy processing facility in Conshohocken, Pennsylvania;

(2)  there is a lawsuit pending against Covanta in which it is alleged Covanta is emitting noxious odors from its facility and interfering with the use and enjoyment of nearby residents' properties;

(3)  the plaintiff Holly Lloyd, who has filed the lawsuit, is seeking to represent all the nearby residents in the lawsuit against Covanta;

(4)  the purpose of the interview is to obtain information related to the lawsuit;

(5)  the interviewee has the right to refuse to be interviewed; and

(6)  the interviewee has the right to have a lawyer present.

In addition, the defendant shall maintain a record of the identity of all interviewers and all putative class members interviewed or attempted to be interviewed, the addresses of these putative class members, the location of any interview or attempted interview, and the date or dates when the interview took place or was attempted.[2]

The Motion of defendant Covanta Plymouth Renewable Energy, LLC to Allow Ex Parte Interviews of Putative Class Members will be granted with the conditions set forth above.

---

2.      Needless to say, the defendant is always free to depose any putative class member or class member.